No. 22-1093

# In the United States Court of Appeals
## for the Eighth Circuit

TERRI M. YATES
*Plaintiff-Appellee*

v.

SYMETRA LIFE INSURANCE COMPANY
*Defendant-Appellant*

**On Appeal from the United States District Court for the
Eastern District of Missouri, No. 4:19-cv-00154-RLW
District Court Judge Ronnie L. White**

---

### REPLY BRIEF OF APPELLANT

---

DANIEL E. TRANEN
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER
7751 Carondelet Avenue, Suite 203
Clayton, MO 63105
(618) 307-0200

JOSHUA BACHRACH
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER
2001 Market Street
Two Commerce Square, Suite 3100
Philadelphia, PA 19103
(215) 606-3906
joshua.bachrach@wilsonelser.com

*Counsel for Defendant-Appellant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. ii

I.     The District Court Erred When it Did Not Dismiss the Lawsuit ................... 1

    A.     The Eighth Circuit has concluded that notice of appeal procedures in a decision letter requires exhaustion of remedies by a claimant ....... 1

    B.     The cases relied on by Ms. Yates do not address the consequences of appeal rights in the decision letter as done in *Kinkead* and *Wert* ..... 4

    C.     Contrary to Yates' arguments, exhaustion is also a judicial creation ........................................................................................... 7

    D.     Reliance on *Anderson v. Alpha Portland Industries, Inc.* was previously rejected by this Court in *Wert* ............................................. 8

    E.     The out-of-circuit authority supports Symetra's position .................... 9

    F.     Symetra's position does not add an extra-contractual term ............... 12

    G.     The goals of ERISA are served by requiring exhaustion here ........... 14

II.    Ms. Yates' "Deemed Exhausted" Argument is in Direct Conflict with the Law of This Circuit .................................................................................... 15

III.   The Lawsuit Should be Dismissed with Prejudice, Not Remanded ............. 18

IV.    Mr. Yates' Death from Injecting Heroin was an "Intentionally Self-inflicted Injury" .................................................................................... 19

CONCLUSION ........................................................................................ 23

CERTIFICATE OF COMPLIANCE ........................................................ 25

VIRUS CHECK CERTIFICATION ......................................................... 26

CERTIFICATE OF SERVICE ................................................................. 27

Appellate Case: 22-1093     Page: 2     Date Filed: 06/21/2022 Entry ID: 5169750

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Alpha Portland Industries, Inc.*,
  752 F.2d 1293 (8th Cir. 1985) ...................................................................8, 9

*Angevine v. Anheuser Busch Companies Pension Plan*,
  646 F.3d 1034 (8th Cir. 2011) ............................................... 5, 6, 7, 13

*Back v. Danka Corp.*,
  335 F.3d 790 (8th Cir. 2003) ...................................................................6

*Brown v. J.B. Hunt Transport Services, Inc.*,
  586 F.3d 1079 (8th Cir. 2009) ..........................................................7, 14

*Burds v. Union Pacific Corp.*,
  223 F.3d 813 (8th Cir. 2000) ...................................................................4

*Chorosevic v. MetLife Choices*,
  600 F.3d 934 (8th Cir. 2010) ................................... 4, 11, 13, 16, 17, 21

*Cigna Corp. v. Amara*,
  563 U.S. 421 (2011)...................................................................13

*Columbia Cas. Co. v. Georgia & Florida Railnet*,
  542 F.3d 106 (5th Cir. 2008) .................................................................20

*Conley v. Pitney Bowes*,
  34 F.3d 714 (8th Cir. 1994) .............................................................6, 21

*Galman v. Prudential Ins. Co. of Am.*,
  254 F.3d 768 (8th Cir. 2001) .........................................................1, 15

*Gayle v. United Parcel Service, Inc.*,
  401 F.3d 222 (4th Cir. 2005) .................................................................19

*Gerdes v. John Hancock Mut. Life Ins. Co.*,
  199 F. Supp. 2d 861 (C.D. Ill. 2001) ....................................................21

ii

*Grasso Enterprises, LLC v. Express Scripts, Inc.*,
  809 F.3d 1033 (8th Cir. 2016) ...............................................................16

*Holmes v. Colorado Coalition for Homeless*,
  762 F.3d 1195 (10th Cir. 2014) ................................................ 10, 11, 12, 13, 17

*King v. Hartford Life Ins. Co.*,
  414 F.3d 994 (8th Cir. 2005) ..............................................................22

*Kinkead v. Southwestern Bell Corp.*,
  111 F.3d 67 (8th Cir. 1997) ............................................................ *passim*

*Layes v. Mead Corp.*,
  132 F.3d 1246 (8th Cir. 1998) ............................................................14

*Mansker v. TMG Life Ins. Co.*,
  54 F.3d 1322 (8th Cir. 1995) ..............................................................19

*McLain v. Metropolitan Life Ins. Co.*,
  820 F. Supp. 169 (D.N.J. 1993) ...........................................................21

*Midgett v. Wash. Grp. Int'l Long Term Disability Plan*,
  561 F.3d 887 (8th Cir. 2009) ..............................................................16

*Perrino v. Southern Tel. & Tel. Co.*,
  209 F.3d 1309 (11th Cir. 2000) ..................................................... 12, 13, 17, 18

*Schorsch v. Reliance Standard Life Ins. Co.*,
  693 F.3d 734 (7th Cir. 2012) ............................................................9, 13

*Sigler v. Mutual Ben. Life Ins. Co.*,
  506 F. Supp. 542 (S.D. Iowa 1981) ........................................................20

*Sigler v. Mutual Ben. Life Ins. Co.*,
  663 F.2d 49 (8th Cir. 1981) ........................................................... 20, 22

*Terry v. Bayer Corp.*,
  145 F.3d 28 (1st Cir. 1998) ..............................................................19

Appellate Case: 22-1093     Page: 4     Date Filed: 06/21/2022 Entry ID: 5169750

*Wert v. Liberty Life Assurance Co. of Boston*,
  447 F.3d 1060 (8th Cir. 2006) .................................................................... *passim*

**Statutes**

29 U.S.C. § 1102 ...............................................................................13

29 U.S.C. § 1133 ...............................................................................7, 10

**Regulations**

29 C.F.R. § 2560.503-1 ...............................................................................10

29 C.F.R. § 2560.503-1(f) ...............................................................................7

29 C.F.R. § 2560.503-1(g) ...............................................................................7

29 C.F.R. § 2560.503-1(*l*) ............................................................... 13, 17

iv

**[C]laimants with notice of an available review procedure should know that they must take advantage of that procedure if they wish to bring wrongful benefit denial claims to court.**[1]

I.     <u>The District Court Erred When it Did Not Dismiss the Lawsuit</u>

    A.     <u>The Eighth Circuit has concluded that notice of appeal procedures in a decision letter requires exhaustion of remedies by a claimant</u>

"In this circuit, benefit claimants must exhaust this [appeal] procedure before bringing claims for wrongful denial to court."[2] The exhaustion requirement serves many "important purposes."[3] They include "giving claims administrators an opportunity to correct errors, promoting consistent treatment of claims, providing a non-adversarial dispute resolution process, decreasing the cost and time of claims resolution, assembling a fact record that will assist the court if judicial review is necessary, and minimizing the likelihood of frivolous lawsuits."[4] Therefore, there are few exceptions to exhaustion and none apply to Ms. Yates' failure to appeal from the denial of her claim after receiving notice of her appeal rights.

Ms. Yates misstates Symetra's position in this appeal. She argues on the first page of her Brief that Symetra is trying to "retroactively insert an appeal process

---

[1] *Wert v. Liberty Life Assurance Co. of Boston*, 447 F.3d 1060, 1066 (8th Cir. 2006) (quoting *Kinkead v. Southwestern Bell Corp.*, 111 F.3d 67, 69 (8th Cir. 1997)).
[2] *Galman v. Prudential Ins. Co. of Am.*, 254 F.3d 768, 770 (8th Cir. 2001).
[3] *Id*.
[4] *Id*.

1

into the plan." But that is not Symetra's position. It is Symetra's position that inclusion of appeal language in a plan document is not a requirement for enforcing the ERISA exhaustion requirement when the participant is on notice of her appeal rights from the decision letter.

After explaining the rationale behind the exhaustion requirement, in *Wert* the Eighth Circuit held:

> We find no compelling basis to distinguish between our application of these rationales in the context of denial letters and plan documents. Accordingly, whether it is a denial letter or a plan document that uses permissive language to describe a review procedure, "claimants with notice of an available review procedure should know that they must take advantage of that procedure if they wish to bring wrongful benefit denial claims to court."[5]

But throughout her Brief, Ms. Yates accuses Symetra (i.e. Symetra's counsel) of "misrepresenting" the holding in *Wert* and other decisions. The language from *Wert* quoted above speaks for itself and fully supports Symetra's position in this appeal.

As recognized in *Wert*, the Eighth Circuit previously addressed the issue of what constitutes sufficient notice of appeal rights in *Kinkead*. Ms. Yates argues that *Kinkead* is also different from this case because there was a written plan instrument that included appeal rights language. But that was not the basis for the

---

[5] *Wert*, 447 F.3d at 1066 (quoting *Kinkead*, 111 F.3d at 69).

2

Court's decision. The Court instead referred to the language in the letter denying benefits.[6] After finding that the *denial letter* "adequately described the claim review process", the Eighth Circuit upheld the dismissal of the lawsuit because the claimant failed to exhaust.[7]

Contrary to Ms. Yates' position, *Kinkead* did not consider the language in the plan when dismissing the lawsuit for failure to exhaust. During the appeal, Kinkead referenced the plan document. But the Eighth Circuit refused to consider the argument based on the plan document because it was not raised in the district court.[8] Thus, the decision in *Kinkead* was based entirely on the appeal language in the decision letter.

*Wert* recognized that "[c]ases since *Kinkead* have consistently imposed an exhaustion requirement where there is *notice* and where there is no showing that exhaustion would be futile."[9] Ms. Yates does not dispute that she received notice of her appeal rights via the decision letter. Ms. Yates also has never argued that exhaustion would be futile. Therefore, under this Court's precedent, the district court erred by refusing to dismiss the lawsuit based on Ms. Yate's failure to exhaust after receiving notice of her right to do so.

---

[6] *Kinkead*, 111 F.3d at 69.
[7] *Id*.
[8] *Id*.
[9] *Id*. (emphasis added).

3

B.    The cases relied on by Ms. Yates do not address the consequences
of appeal rights in the decision letter as done in *Kinkead* and *Wert*

Ms. Yates cites to several of this Court's decision on exhaustion, including

*Chorosevic v. MetLife Choices*.[10] But the decision in that case supports Symetra's

position. In *Chorosevic*, the Court affirmed the dismissal of the lawsuit based on

failure to exhaust, relying on decision letters that were sent to the claimant. As

stated by the Court, the "Explanation of Benefits ('EOB') [letters sent] to

Chorosevic describe[ed] the appeals procedure, including the 180-day deadline for

requesting review of the benefits determination."[11] Because the plaintiff failed to

follow the appeal language stated in these letters, the Court concluded that the

claimant failed to exhaust administrative remedies and the lawsuit was dismissed.[12]

Most of the cases cited by Ms. Yates involve very different facts. In *Burds v.*

*Union Pacific Corp.*, notice of appeal rights through a decision letter was not an

issue.[13] In fact it is unclear whether any claim was submitted before plaintiffs filed

the lawsuit. The plaintiffs in *Burds* were challenging employer's conclusion that

they were independent contractors and as such, not participants in the plan.[14] The

---

[10] 600 F.3d 934 (8th Cir. 2010).
[11] *Id*. at 938.
[12] *Id*.
[13] 223 F.3d 813 (8th Cir. 2000).
[14] *Id*. at 816.

4

Court did not address the exhaustion requirement when appeal rights are stated in a decision letter, which was the basis for the decisions in *Wert* and *Kinkead*.

As with many of the cases relied on by her, Ms. Yates does not explain how this Court's decision in *Angevine v. Anheuser Busch Companies Pension Plan* supports her failure to exhaust argument.[15] Nor does it. In *Angevine*, the Court did not address a claimant's failure to appeal a claim denial as in this case. The Court stated that "[a]t the time he filed this lawsuit, Angevine had made no attempt to pursue an administrative remedy and the Plan administrator had not denied any similar claims."[16]

The Court affirmed the dismissal of the lawsuit in *Angevine* because the claimant failed to follow the requirements for the submission of an initial claim.[17] The case has nothing to do with the failure to follow appeal rights stated in a decision letter. But there is still language in the decision supporting Symetra's decision. The Court again stated that "[w]e excuse the exhaustion requirement only when pursuing an administrative remedy would be futile or there is no administrative remedy to pursue."[18] Ms. Yates was provided with an administrative remedy which she did not pursue and she has not argued futility. Therefore, the

---

[15] 646 F.3d 1034 (8th Cir. 2011).
[16] *Id*. at 1038.
[17] *Id*.
[18] *Id*. at 1037.

5

result in *Angevine* and the numerous other cases enforcing the exhaustion requirement should be followed here.

The defendants in *Conley v. Pitney Bowes*, another case cited by Ms. Yates, argued that the plaintiff "did not deny having actual knowledge of the plan's procedures."[19] But as this Court explained, the argument "puts the cart before the horse" because it was never alleged that Mr. Conley had actual knowledge of the "appeals process."[20] In this case there is no dispute that Ms. Yates had actual knowledge of the "appeals process." She simply chose to ignore it.

Finally, Ms. Yates cites to *Back v. Danka Corp*., as supposedly excusing exhaustion when the requirement is not stated in a plan document.[21] But the issue in *Back* was the plan's failure to provide any information on internal plan procedures until after the lawsuit was filed.[22] The Court held that "some substantial consequence should follow from Danka's failure to apprise Mr. Back of the exhaustion requirement."[23] Those are not the facts of this case.

The cases relied on by Ms. Yates do not address the issue in *this* case. This case involves a claimant who failed to exhaust despite having full knowledge of the appeal procedures through the decision letter. Quoting from *Kinkead*, this

---

[19] 34 F.3d 714, 718 (8th Cir. 1994).
[20] *Id*. at 718-19.
[21] 335 F.3d 790 (8th Cir. 2003).
[22] *Id*. at 792.
[23] *Id*.

6

Court held in *Wert* that "whether it is a denial letter or a plan document …
'claimants with notice of an available review procedure should know that they
must take advantage of that procedure if they wish to bring wrongful benefit denial
claims to court.'"[24] The facts in this case fall squarely under the holdings in
*Kinkead* and *Wert* requiring dismissal of the lawsuit based on failure to exhaust.
The contrary decision of the district court should be reversed.

C.    Contrary to Yates' arguments, exhaustion is also a judicial creation

In arguing that exhaustion of remedies is a contractual right, Ms. Yates
ignores the many decisions from this Court which have recognized exhaustion of
remedies as a judicial creation. In *Kinkead*, the Court stated that "any plan claim
review procedure that meets the requirements of 29 U.S.C. § 1133 and 29 C.F.R.
§ 2560.503-1(f) and (g) will trigger the *judicially imposed* duty to exhaust that
remedy."[25] Numerous cases since *Kinkead* have also described the exhaustion
requirement as a "judicial creation."[26]

There is no good reason to distinguish between contractual and judicially
created exhaustion. The many important goals served by the exhaustion
requirement do not just vanish when a claimant with notice of appeal rights

---

[24] *Wert*, 447 F.3d at 1066 (quoting *Kinkead*, 111 F.3d at 69).
[25] *Kinkead*, 111 F.3d at 70 (emphasis added).
[26] *Angevine*, 646 F.3d at 1037 ("This judicially created exhaustion requirement
serves many important purposes."); *Brown v. J.B. Hunt Transport Services, Inc.*,
586 F.3d 1079, 1084 (8th Cir. 2009) (same).

7

through the decision letter fails to act. Therefore, the consequences of failing to

exhaust should not depend on the form of the notice of appeal rights. But Symetra

is not asking the Court to create new law. Again, in *Wert* the Eighth Circuit stated

that there was "no compelling basis to distinguish between our application of these

rationales [for exhaustion] in the context of denial letters and plan documents."[27]

The district court erred by making such a distinction.

      D.    Reliance on *Anderson v. Alpha Portland Industries, Inc.*[28] was previously rejected by this Court in *Wert*

Ms. Yates argues on page 14 of her Brief that this Court's decision in

*Anderson* should "govern the resolution of this case." But the same argument was

rejected by the Eighth Circuit in *Wert*. The Court explained in *Wert* that "*Anderson*

presented issues distinct from those in the present case because *Anderson* involved

the interface of ERISA and labor law."[29] Further distinguishing the issues in

*Anderson*, the Court explained:

> We held, first, that the union's interest in retirement benefits
> was not sufficient to give rise to a presumption of arbitrability
> regarding retirees' claims because the retirees in Anderson were
> a functionally distinct minority which cannot be made part of
> the bargaining unit and which . . . does not have a vote in union
> affairs. We held, second, that no fair reading of the contracts
> required retirees to initiate the grievance procedure, let alone
> reach the last step of arbitration.[30]

---

[27] *Wert*, 447 F.3d at 1066.
[28] 752 F.2d 1293 (8th Cir. 1985).
[29] *Wert*, 447 F.3d at 1063.
[30] *Wert*, 447 F.3d at 1063 (quotations and citations omitted).

8

As recognized in *Wert*, the Court in *Anderson* also questioned whether mandatory arbitration was compatible with the requirement under ERISA to offer a review of a claim denial.[31] This case does not involve an arbitration clause. The question in this case was answered in *Kinkead* and *Wert*.

E.   The out-of-circuit authority supports Symetra's position

In the Opening Brief, Symetra cited to decisions from other circuits which addressed the precise issue in this case – enforcing exhaustion when appeal instructions are provided in the decision letter. For various reasons, none of which are correct, Ms. Yates argues that those decisions do not support Symetra's position. She is again wrong.

Ms. Yates first argues that *Schorsch v. Reliance Standard Life Ins. Co.*[32] from the Seventh Circuit "does not address whether the review procedure was set forth in the plan documents." But the argument was made there. Schorsch argued that exhaustion should be excused because the defendant "failed to establish or follow reasonable claims procedures" under ERISA.[33] Rejecting the argument, the court stated that "Reliance's termination notice told her how and where she could request a review of its decision", therefore, Schorsch "fail[ed] to show how

---

[31] *Id*. (citing *Anderson*, 752 F.2d at 1300).
[32] 693 F.3d 734 (7th Cir. 2012).
[33] *Id*. at 742.

9

Reliance denied her access to its administrative review process."[34] As in this case, the Reliance policy did not include appeal rights language and the court relied entirely on the decision letter to conclude that the claimant failed to exhaust.

Next, Ms. Yates argues that the Tenth Circuit decision in *Holmes v. Colorado Coalition for Homeless* "did not concern a letter that was relied upon as the only source of an appeal procedure.[35] Her statement is incorrect. At issue in *Holmes* was whether the claimant was required to exhaust a second appeal that was only described in the letter upholding the initial denial of benefits, but not in the Summary Plan Description ("SPD").[36]

The Tenth Circuit first concluded in *Holmes* that the Denial Review Procedure included with the denial letters and which identified a two level appeal process complied with the requirements of 29 U.S.C. § 1133 and the ERISA claim regulation located at 29 C.F.R. § 2560.503-1.[37] Next, the court addressed the failure to include the second appeal in the SPD. The court agreed with the plaintiff that the SPD only described one level of appeal and did not comply with ERISA.[38] But that did not end the court's inquiry. Ms. Holmes did not claim that she lacked notice of the second level appeal, that she was confused by the instructions or that

---

[34] *Id*.
[35] 762 F.3d 1195, 1213-14 (10th Cir. 2014).
[36] *Id*. at 1208.
[37] *Id*.
[38] *Id*. at 1209.

Appellate Case: 22-1093     Page: 15     Date Filed: 06/21/2022   Entry ID: 5169750

she believed that a second appeal was voluntary.[39] Because there was no prejudice to Ms. Holmes from the deficient SPD, the court held that her failure to exhaust could not be excused.[40]

In *Holmes*, the court cited to decisions from other circuits in support of its conclusion that exhaustion will not be excused based on a violation of ERISA's notice requirement without prejudice to the claimant.[41] Among the decisions relied on by the Tenth Circuit was this Court's decision in *Chorosevic*.[42] In *Chorosevic*, the Court stated that "[w]e may excuse a claimant from exhausting administrative appeals when the ERISA plan's actions or omissions deprive the claimant of information or materials necessary to prepare for administrative review or for an appeal to federal courts."[43] Thus, *Holmes* is consistent with the law of this Circuit and supports dismissal of this lawsuit based on failure to exhaust.

On page 18 of her Brief, Ms. Yates cites to a Second Circuit decision requiring strict compliance with the ERISA notice requirement. That decision is not even persuasive authority because it is contrary to this Court's holding in *Chorosevic*. It is also contrary to the numerous decisions cited in *Holmes* which

---

[39] *Id*. at 1214.
[40] *Id*.
[41] *Id*. at 1213.
[42] *Id*.
[43] *Chorosevic*, 600 F.3d at 944.

11

have refused to excuse exhaustion based on violations when there is no prejudice to the claimant.[44]

In its Opening Brief, Symetra also cited to the Eleventh Circuit's decision in *Perrino v. Southern Tel. & Tel. Co*.[45] Like the numerous other cases relied on by Symetra, the Eleventh Circuit held that "the exhaustion requirement for ERISA claims should not be excused for technical violations of ERISA regulations that do not deny plaintiffs meaningful access to an administrative remedy procedure through which they may receive an adequate remedy."[46] Authority from both this Court and other circuits supporting dismissal of this lawsuit is overwhelming.

F.    Symetra's position does not add an extra-contractual term

Over several pages of her Brief beginning on page 19, and contrary to the cases cited above, Ms. Yates continues to argue exhaustion should be excused because there is no requirement to appeal in the plan document. Ms. Yates simply string cites cases without any explanation. But it is apparent that none of the cases she relies on involve facts evenly remotely close to this case.

There is no way to reconcile Ms. Yates' position with *Wert*, where the Eighth Circuit held that there is "no compelling basis to distinguish between [the] application of these rationales [for exhaustion] in the context of denial letters and

---

[44] *Holmes*, 762 F.3d at 1213.
[45] 209 F.3d 1309 (11th Cir. 2000).
[46] *Id*. at 1316

12

plan documents."[47] Again, exhaustion is not only a contractual duty. Courts have recognized that exhaustion is also a judicially created requirement.[48]

Ms. Yates argues on page 19 of her Brief that a plan cannot assert a right contrary to the terms of the written plan document. But there is no requirement to include appeal rights language in a plan document.[49] The regulation only states that a plan (the entity, not the document) must "follow reasonable claims procedures."[50] In *Chorosevic*, the appeal procedures were included in the SPD, not the plan document.[51] But as explained by the Supreme Court, "statements [in a SPD] do not themselves constitute the *terms* of the plan for purposes of § 502(a)(1)(B)."[52] And courts have held that even when appeal rights are *not* included in a SPD, a claimant with notice of those rights must exhaust.[53] Again, this is consistent with this Court's decisions in *Wert* and *Kinkead*. There is no need to debate the issue further.

---

[47] *Wert*, 447 F.3d at 1066.
[48] *Angevine*, 646 F.3d at 1037.
[49] 29 U.S.C. § 1102.
[50] *Chorosevic*, 600 F.3d at 943 (quoting 29 C.F.R. § 2560.503-1(*l*).
[51] *Id*. at 945.
[52] *Cigna Corp. v. Amara*, 563 U.S. 421, 438 (2011) (emphasis in original).
[53] *Holmes*, 762 F.3d at 1213-14; *Schorsch*, 693 F.3d 742; *Perrino*, 209 F.3d at 1316.

13

### G. The goals of ERISA are served by requiring exhaustion here

On page 26 of her Brief, Ms. Yates argues that exhaustion would serve no purpose in this case. But whether the purpose of exhaustion is served in a particular case is not part of the analysis. "Where a claimant fails to pursue and exhaust administrative remedies that are clearly required under a particular ERISA plan, [her] claim for relief is barred."[54] There are two exceptions. The first exception is where the plan fails to provide notice.[55] Ms. Yates does not dispute that she received notice. She instead relies on the source of the notice which is immaterial under *Wert* and *Kinkead*. The second excuse for exhaustion is futility.[56] Ms. Yates does not even try to craft an argument for futility.

Earlier in her Brief, Ms. Yates compared appeal rights to a plan's discretionary clause. But a grant of discretion only benefits the decision-maker with a more favorable standard of review in court. The goals of exhaustion are largely for the benefit of courts, "giving claims administrators an opportunity to correct errors, promoting consistent treatment of claims, providing a non-adversarial dispute resolution process, decreasing the cost and time of claims

---

[54] *Layes v. Mead Corp.,* 132 F.3d 1246, 1252 (8th Cir. 1998).
[55] *Wert*, 447 F.3d at 1064.
[56] *Brown*, 586 F.3d at 1085.

14

resolution, assembling a fact record that will assist the court if judicial review is necessary, and minimizing the likelihood of frivolous lawsuits."[57]

While not a relevant consideration, the general goals of ERISA identified above are served by enforcing exhaustion in this particular case. And specific to this case is the goal that exhaustion allows the parties to assemble a fact record that will assist the court if a lawsuit is subsequently filed.[58] As conceded by Ms. Yates on page 27 of her brief, she attempted to introduce new factual evidence in the district court. And she continues to rely on that evidence in this Court. See Brief of Ms. Yates at pages 5-6. Her current argument regarding the development of the facts is contrary to her position in the district court, her use of extra-record facts in this case and is disingenuous.

II.    Ms. Yates' "Deemed Exhausted" Argument is
       <u>in Direct Conflict with the Law of This Circuit</u>

Citing to the ERISA regulations, Ms. Yates argues on page 31 of her Brief that a plan's procedure for appealing a denial must also be included in a SPD under the ERISA regulations. Because Phelps Bank as Plan Administrator did not prepare a SPD, it is her position that "[a]t best, Symetra invited Yates to engage in an appeal." Again, her position is contrary to this Courts decisions in *Kinkead* and

---

[57] *Galman*, 254 F.3d at 770.
[58] *Id.*

Appellate Case: 22-1093    Page: 20    Date Filed: 06/21/2022 Entry ID: 5169750

*Wert*. These cases require an appeal when a claimant has notice of the right to appeal the denial.[59] The source of the notice does not matter under these decisions.

Ms. Yates' insistence on strict compliance with the ERISA regulations is contrary to this Court's decision in *Grasso Enterprises, LLC v. Express Scripts, Inc*.[60] According to Ms. Yates, Symetra "misreads" *Grasso*. But in that case, the Court described the ERISA procedures when a claim is denied, identified the "important purposes" of administrative exhaustion and cited to decisions from the Eighth Circuit holding that courts "evaluat[e] whether a plan's entire claim process provided the claimant 'a full and fair review of [the] claim.'"[61] The Court also cited to decisions from other circuits that have held that "technical compliance with each subpart of the Claims Regulation" is not required.[62] Symetra's description of *Grasso* and its reliance on the decision are on point.

Ms. Yates' strict compliance/deemed exhausted argument is also contrary to this Court's decision in *Chorosevic*. There, the Court held that "[w]e may excuse a claimant from exhausting administrative appeals when the ERISA plan's actions or omissions deprive the claimant of information or materials necessary to prepare for administrative review or for an appeal to federal courts." Ms. Yates cannot explain

---

[59] *Wert*, 447 F.3d at 1066; *Kinkead*, 111 F.3d at 69.
[60] 809 F.3d 1033, 1037-38 (8th Cir. 2016).
[61] *Id*. at 1038 (quoting *Midgett v. Wash. Grp. Int'l Long Term Disability Plan*, 561 F.3d 887, 896 (8th Cir. 2009)).
[62] *Id*.

16

how she was deprived of the ability to appeal the claim denial when she received notice of her rights through the denial letter.

Again, relying in part on this Court's decision in *Chorosevic*, in *Holmes* the Tenth Circuit rejected the claimant's argument that the claim was "deemed exhausted."[63] Holmes argued that exhaustion was not required because the second level appeal was not stated in the SPD.[64] The court disagreed and limited deemed exhaustion for technical noncompliance to only those situations where the claimant has been prejudiced.[65] The court explained that requiring prejudice on the part of the claimant is consistent with the language in the regulation."[66]

The Eleventh Circuit also applied a substantial compliance test where there was no prejudice to the claimant.[67] But according to Ms. Yates, Symetra "grossly overstates the relevance of *Perrino*." Once again she is wrong. *Perrino* involved whether a claimant "must exhaust available administrative remedies before suing in federal court."[68] "Appellants argue[d] that we should recognize a new exception to our exhaustion requirement; namely, that an employer's noncompliance with ERISA's technical requirements (for example, creating a summary plan

---

[63] *Holmes*, 762 F.3d at 1213
[64] *Id.* at 1212-13.
[65] *Id*. at 1212.
[66] *Id*. (quoting 29 C.F.R. § 2560.503-1(*l*)).
[67] *Perrino*, 209 F.3d at 1319.
[68] *Id*. at 1315.

Appellate Case: 22-1093     Page: 22     Date Filed: 06/21/2022 Entry ID: 5169750

description, or delineating a formal claims procedure) should excuse a plaintiff's duty to exhaust administrative remedies."[69] The Eleventh Circuit disagreed.

Citing to the "exceedingly technical nature" of Perrino's position, the Eleventh Circuit held "that though employees should not have their ERISA claims adversely affected by an employer's technical noncompliance with ERISA regulations, so too, they should not be able to avoid the exhaustion requirement where technical deficiencies in an ERISA claims procedure do not hinder effective administrative review of their claims."[70] Summing up its decision, the court held:

> In short, we find that Appellants were not denied access to an administrative scheme from which they could have received an adequate legal remedy for their ERISA claims. As such, we conclude that Appellants were compelled to first exhaust the available administrative remedies ….[71]

The court's holding in *Perrino* supports the dismissal of the lawsuit in this case based on Ms. Yates' failure to exhaust.

III.    The Lawsuit Should be Dismissed with Prejudice, Not Remanded

On page 28 of her Brief, Ms. Yates again misstates a position of Symetra. Defendant is not asking the Court to remand the claim. It is asking this Court to dismiss the lawsuit with prejudice because the opportunity to appeal expired before

---

[69] *Id*. at 1316.
[70] *Id*. at 1317-18.
[71] *Id*. at 1319.

18

the lawsuit was filed.[72] Without any consequences from failing to exhaust there would be no reason for claimants to abide by the judicially created exhaustion requirement.

## IV. Mr. Yates' Death from Injecting Heroin was an "Intentionally Self-inflicted Injury"

The Court should not need to address the merits of the claim because Ms. Yates' failure to exhaust bars the lawsuit. But should it do so, Symetra is still entitled to judgment in its favor. The Symetra policy excludes coverage for "any loss caused wholly or partly, directly or indirectly, by … intentionally self-inflicted injury." App. 131; R. Doc. 42-1, at 20. As explained in the Opening Brief beginning on page 31, it is undisputed that Mr. Yates intentionally/purposely injected heroin. And as a result of doing so, he caused injury to himself - death. A reasonable person would understand the exclusion to apply to the facts of this case based on the plain meaning of these terms.[73]

Ms. Yates largely ignores the arguments raised in the Opening Brief regarding the exclusion. Worse, she again misstates Symetra's position. It is *not* Symetra's position that the exclusion applies because Mr. Yates "should have

---

[72] *Gayle v. United Parcel Service, Inc.*, 401 F.3d 222, 226-27 (4th Cir. 2005) (because the "opportunity" to appeal had expired before the lawsuit was filed, exhaustion of remedies was "impossible."); *Terry v. Bayer Corp.*, 145 F.3d 28, 40 (1st Cir. 1998) (same).

[73] *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1327 (8th Cir. 1995).

19

expected death as an outcome." See Brief of Ms. Yates on page 41. Therefore, it is wrong of her to argue that the exclusion raises the same question as whether the death was accidental. "The purpose of an exclusion is to take something out of the coverage that would otherwise have been included in it."[74]

On pages 42-44 of her Brief, Ms. Yates cites to decisions addressing whether a death is "accidental." Again, that is not the question to be answered. Symetra is relying on the exclusion. The only question is whether Mr. Yates' death was "caused wholly or partly, directly or indirectly, by … intentionally self-inflicted injury." App. 131; R. Doc. 42-1, at 20. This conclusion is unavoidable under the facts.

In support of its position, Symetra cited to this Court's decision in *Sigler v. Mutual Ben. Life Ins. Co.* on page 32 of its Opening Brief.[75] Ms. Yates' description of that case suggests that the Court addressed the question of whether the death was accidental. But the Court instead based its decision on the policy's exclusion for "intentionally, self-inflicted injury." The Court adopted the "well-reasoned opinion" of the district court that the exclusion applied even though the insured did not intend to die.[76]

---

[74] *Columbia Cas. Co. v. Georgia & Florida Railnet*, 542 F.3d 106, 113 (5th Cir. 2008).
[75] 663 F.2d 49, 50 (8th Cir. 1981).
[76] 506 F. Supp. 542 (S.D. Iowa 1981), *aff'd* 663 F.2d at 50.

20

Decisions from outside of this Circuit have also concluded that a self-inflicted injury exclusion applies to a drug overdose death regardless of the insured's belief as to the consequences of taking drugs. In *McLain v. Metropolitan Life Ins. Co.*, the court applied the exclusion to bar coverage when the insured died from a cocaine overdose.[77] The court stated that "it is not necessary to find that he intended to kill himself" for the exclusion to apply.[78] And in *Gerdes v. John Hancock Mut. Life Ins. Co.*, where the decedent died from opiate and cocaine overdose, the court stated that "it is not determinative that the plaintiff did not mean to commit suicide".[79]

Under Ms. Yates' proposed interpretation, no accidental death would fall within an exclusion for intentionally self-inflicted injuries.[80] This is not allowed. Contrary to her position, this Court has held that the terms in an ERISA plan "must be construed to render none of them nugatory."[81] Ms. Yates' proposed interpretation of the intentionally self-inflicted injury exclusion is contrary to the plain meaning of the terms, the rules of plan interpretation and numerous court

---

[77] 820 F. Supp. 169 (D.N.J. 1993).

[78] *Id*. at 179.

[79] 199 F. Supp. 2d 861, 865 (C.D. Ill. 2001).

[80] On page 46 of her Brief, Ms. Yates states that "the self-inflicted injury must be purposeful to fall under the [ ] exclusion." Mr. Yates purposely injected himself with heroin. To the extent she means that the *result* must be purposeful, she is wrong.

[81] *Chorosevic*, 600 F.3d at 945 (quoting *Conley*, 34 F.3d at 717).

21

decisions, including this Court's decision in *Sigler*. Therefore, the district court erred when it found that the exclusion did not apply.

Ms. Yates also incorrectly relies on *King v. Hartford Life Ins. Co.* in an effort to avoid the exclusion.[82] In *King*, the insured died after his motorcycle left the road and crashed. At the time, the insured had a blood alcohol level of .19.[83] The Court refused to apply the exclusion for self-inflicted injuries in the context of the policy because it rendered meaningless other policy language.[84] The Court explained that "[i]f the exclusion for 'intentionally self-inflicted injury' eliminated coverage for unintended injuries caused or contributed to by intentionally ingesting substances into the body, then there would be no reason for the seventh exclusion regarding the taking of drugs and narcotics."[85]

Unlike *King*, there is no other exclusion that is made superfluous by the application of the intentionally self-inflicted injury exclusion. Trying to create such a situation, Ms. Yates argues on pages 46-47 that there is another exclusion in the Symetra policy similar to the one in *King*. Her argument is unpersuasive to say the least. Ms. Yates cites to the exclusion for "*operating [a]n automobile*" while

---

[82] 414 F.3d 994 (8th Cir. 2005).
[83] *Id*. at 997.
[84] *Id*. at 1004.
[85] *Id*.

Appellate Case: 22-1093    Page: 27    Date Filed: 06/21/2022 Entry ID: 5169750

legally intoxicated or under the influence of drugs. This exclusion has no application to the facts of this case where Mr. Yates died in his home.

Finally, Ms. Yates argues on page 48 of her Brief that Symetra did not meet its burden to prove the applicability of the exclusion. The facts can only be interpreted as supporting the denial of benefits based on the exclusion. Mr. Yates intended to inject himself with heroin and did so, which led to his death. Thus, his death was caused by an "intentionally self-inflicted injury" that is excluded from coverage. The district court erroneously concluded that the exclusion does not apply. For this reason also, the decision of the district court should be reversed and judgment entered in favor of Symetra.

## CONCLUSION

The district court's decision to excuse Ms. Yates' failure to exhaust is contrary to this Court's decisions in *Kinkead* and *Wert* and the goals of ERISA. For this reason alone, the judgment should be reversed and the lawsuit dismissed with prejudice. But the district court also erred when it awarded accidental death benefits to Ms. Yates, contrary to the policy's exclusion. For each of these reasons, the decision of the district court should be reversed and judgment entered in favor of Symetra Life Insurance Company on all claims.

Appellate Case: 22-1093    Page: 28    Date Filed: 06/21/2022 Entry ID: 5169750

Respectfully submitted,

DANIEL E. TRANEN
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER
7751 Carondelet Avenue, Suite 203
Clayton, MO 63105
(618) 307-0200

JOSHUA BACHRACH
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER
2001 Market Street
Two Commerce Square, Suite 3100
Philadelphia, PA 19103
(215) 606-3906
joshua.bachrach@wilsonelser.com

*Counsel for Defendant-Appellant*

24

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 5,263 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word in 14-point Times New Roman.

/s/ Joshua Bachrach
Joshua Bachrach

25

## VIRUS CHECK CERTIFICATION

The electronic version of the reply brief has been scanned for viruses and is virus-free.


/s/ Joshua Bachrach
Joshua Bachrach

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of June, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Joshua Bachrach
Joshua Bachrach

Appellate Case: 22-1093    Page: 32    Date Filed: 06/21/2022 Entry ID: 5169750